UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS DIOR AMIR, | ) | CASE NO. 1:11cv1720 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Louis Dior Amir filed the above-captioned Complaint in this Court on August 17, 2011. Pursuant to Local Rule 3.1 of the Northern District Court of Ohio, an Order was issued transferring the case to the undersigned as related to *United States v. Amir*, Case No. 1:10cr0439 (N.D. Ohio 2010). The matter is now before the Court for review.

The Complaint, which Plaintiff captions "Collateral Attack to Case No. 1:10-CR-00439," is accompanied by "Amir's Exhibit 10-B, Affidavit Rebutting the Presumption of Detention" wherein he declares, *inter alia*, that he is a "Republic Citizen as defined […] as 'We The People' whom [sic] constitute the Union of States […] separate of any form of Government." (Aff. at 1.) Plaintiff alleges he is entitled to relief based on four underlying claims, namely: (1) a violation of his Fourth Amendment right against illegal search and seizure; (2) violations of his right to due process under the Fifth and Fourteenth Amendments, as well as "the Doctrine of Dual Sovereignty;" (3) illegal detention in violation of the Bail Reform Act, as well as the Fourth, Eighth and Thirteenth Amendments; and, (4) an invalid indictment which fails to allege facts that support a violation of 18 U.S.C. § 3231. Because Plaintiff is a detainee in the custody of the U.S. Marshal seeking monetary relief for alleged

civil rights violations, the Court construes this as a *Bivens [v. Six Unknown Named Agents,* 403 U.S. 383 (1971)] claim.[1]

## BACKGROUND

An indictment was issued in this Court on October 14, 2010, charging Plaintiff with conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371, 1343 & 2 (Count 1, Counts 2-7), money laundering in violation of 18 U.S.C. § 1957 & 2 (Counts 8-20) and perjury in violation of 18 U.S.C. § 1623 (Count 21). Plaintiff entered a counseled plea of "not guilty" on October 20, 2010 and subsequently elected to proceed *pro se* in his criminal case. Since that date, he has filed, *inter alia*, a Denial of Order Entered on May 19, 2011 (Doc. No. 70); "Affidavit Rebutting the Presumption of Detention" (Doc. No. 71); "Notice of Violation of Title 18 U.S.C. § 3164(c)" (Doc. No. 72); "Notice of Proffer" (Doc. No. 73); and "Notice of Leave to the Ohio Attorney General" (Doc. No. 74). On July 18, 2011, this Court determined that, "to the extent that Doc. Nos. 70-74 seek reconsideration of the Court's prior orders, or challenge the Court's jurisdiction over this matter, they are DENIED." *Amir*, No. 1:10cr00439 (Doc. No. 80). Ten days after this Court issued its Order of July 18, 2011, Plaintiff appealed the decision to the Sixth Circuit Court of Appeals. The appeal is pending. *See United States v. Amir*, No. 11-3875 (6th Cir. filed July 28, 2011). Plaintiff is currently in custody awaiting trial.[2]

In his Complaint, Plaintiff argues that, with the assistance of the U.S. Marshal,

---

[1] Although Plaintiff alleges a number of civil rights cognizable under 42 U.S.C. § 1983, there is no allegation of action under color of state law. In *Bivens*, the Supreme Court recognized in the United States Constitution itself an implicit damages cause of action against federal officials for violations of constitutional rights.

[2] The trial date was extended to September 6, 2011 after Plaintiff's oral motion during a hearing before this Court on August 18, 2011.

U.S. Trustee David Simon illegally entered and seized his residence at 1860 Surrey Place, Gates Mills, Ohio, on September 8, 2010. The parties then allegedly sold Plaintiff's personal property for personal gain in violation of the Fourth Amendment of the Constitution. This unconstitutional act caused Plaintiff's second and third mortgages to be "called due." For this he seeks an Order from the Court directing the United States to relinquish possession of his Gates Mills property and award him $10 million in damages.

Plaintiff claims he has not been charged with any overt acts alleged in the indictment filed against him. He adds that he has not received a preliminary hearing, he has been denied the opportunity to appear and defend himself, and has not been permitted to demand the nature and cause of the accusations against him. He concludes this argument with allegations that the charge of mortgage fraud is governed by Ohio state law. He claims his right to due process under the Fifth and Fourteenth Amendments has been violated, along with the "Doctrine of Dual Sovereignty." Within his due process argument, Plaintiff also raises a defamation claim based on United States Attorney Steve Dettelbach's alleged comments in the Cleveland Plain Dealer that Plaintiff was charged with $6.7 million in mortgage fraud. For his defamation of character claim, Plaintiff seeks $5 million in compensatory damages.

After the indictment was filed, Plaintiff claims he was held without an arrest warrant or bond for 10 months in violation of the Bail Reform Act, 18 U.S.C. § 3164(c). He adds that he has been held beyond 90 days, "through no fault of his own," in violation of the Fourth, Sixth, Eighth, and Thirteenth Amendments. These constitutional violations have allegedly resulted in the loss of business revenue and caused him mental anguish. He seeks $5 million in damages.

Finally, Plaintiff claims that the facts set forth in the indictment fail to allege any violation of 18 U.S.C. § 3231. Moreover, he asserts the indictment took over 30 months before it was filed, and it lacked a signature and a certified seal from the Clerk of Courts confirming its return. He claims these alleged infirmities entitle him to $5 million in damages for mental/physical anguish, cruel and unusual punishment, involuntary servitude, and torture. He seeks the "immediate injunction" of Case No. 1:10-cr-0439 "until such time as a jury trial on all counts of this complaint has [sic] been submitted to a jury and returned upon its findings." (Compl. at 5.)

The Affidavit Rebutting the Presumption of Detention essentially avers that all of the charges against Plaintiff are invalid. Moreover, he claims his "pretrial detention was instituted as one of the various elements of malicious prosecution and malicious abuse of legal process utilize [sic] by the United States Attorney Steven M. Dettelbach and his co-conspirators in violation [of] Amir's liberty interest." (Aff. at 8.) Plaintiff's underlying premise, that he should no longer be detained in custody, is restated in numerous versions of his declaration that he is not "congnizable [sic] to the UNITED STATES DISTRICT COURTS and THE UNITED STATES CIRCUIT COURTS OF APPEAL." (Aff. at 2) (emphasis in original).

## SUA SPONTE DISMISSAL

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb.1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

FOURTH AMENDMENT CLAIM

To the extent Plaintiff raises any justiciable constitutional claim, it is limited to his allegation of a Fourth Amendment violation based on a warrantless arrest. This claim, however, belies the undisputed facts in his criminal case.

The protection afforded by the Fourth Amendment demands that probable cause support a warrant. *See Ingram v. City of Columbus,* 185 F.3d 579, 592–93 (6th Cir. 1999)* (arrest without probable cause constitutes an unreasonable seizure in violation of the Fourth Amendment). It is settled law that an indictment by a properly constituted grand jury conclusively determines the existence of probable cause. *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 612 n. 11 (1974). This alone provides the authority for an arrest warrant to issue. *Id.* (quoting *Ewing v. Mytinger & Casselberry*, 339 U.S. 594, 599 (1950)). Therefore without an unconstitutional arrest, no claim for relief can be stated under the *Bivens* rationale. Plaintiff has failed to state a violation of the Fourth Amendment.

Without the benefit of a single case or statute to support his theory of constitutional violations, Plaintiff's Complaint is rife with conclusory statements that essentially assert this Court lacks subject matter jurisdiction over his criminal case. The

docket in his criminal case, however, contradicts any claim that "he has not been charged" with mortgage fraud (Doc. No. 1), provided a preliminary hearing (Doc. No. 8), or permitted to appear in court and defend himself against the charges set forth in the indictment. (Doc. No. 8, 25.) To the extent his Complaint states any claim for relief, it is his singular desire to be released from custody.

## HABEAS RELIEF

One vital assertion underlying every argument in Plaintiff's Complaint is that he is being illegally confined by the United States. A prisoner or detainee cannot bring a civil rights action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Regardless of Plaintiff's request for money damages, any civil claim that essentially challenges his confinement must be dismissed. *Id.* at 489-90; *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). The Supreme Court has extended *Heck* to bar civil rights actions that do not directly challenge confinement, but instead challenge procedures which imply that the plaintiff's confinement is unlawful. *Id.* at 648. This theory of law extends to pretrial detainees. *See Thomas v. Pugh*, No. 00-6155, 2001 WL 522437, at *1 (6th Cir. May 9, 2001) (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1996); *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996)).

Any challenge to confinement must be brought in a habeas corpus action first. Title 28 of United States Code § 2241 "applies to persons in custody regardless of whether

final judgment has been rendered and regardless of the present status of the case pending against [the petitioner.]" *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981).  Although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, courts have been cautioned to abstain from the exercise of that jurisdiction if the issues raised in the petition could be resolved either by trial on the merits or by other procedures available to the prisoner. This abstention from exercising habeas corpus jurisdiction has its foundation in the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. *Id*.

Plaintiff is a federal pretrial detainee seeking to set aside the same charges he will face at his impending trial. While principles of comity are not at issue in this context, concerns for judicial economy also foreclose this Court's review of Plaintiff's Complaint. For federal pretrial detainees, courts have strongly preferred that the detainee first file a Motion for Revocation or Amendment of the Order of detention pursuant to 18 U.S.C. § 3145(b)-(c), as opposed to first seeking section 2241 relief. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir.1988) (To be eligible for habeas corpus relief under § 2241, federal pretrial detainee generally must exhaust other available remedies); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987). The *Fassler* court "decline[d] to hold that § 3145 provides the exclusive means by which a person under indictment can challenge his pretrial detention," however. *Id.* Instead, the *Fassler* court noted, "the terms of the Bail Reform Act and the potential for abuse of the writ and for unnecessary duplication of appeals, […] should ordinarily provide *strong incentive* for defendants to employ Section 3145 appeals." *Fassler*,

858 F.2d at 1018 (emphasis added).

A detention order was issued in Plaintiff's criminal case on October 22, 2010, under which he is currently detained. *See Amir*, No.1:10CR0439 (Doc. No. 8). Through his "Affidavit Rebutting the Presumption of Detention" (Doc. No. 71), Plaintiff challenged his continued confinement pursuant to 18 U.S.C. § 3145(b). Upon review, the Court denied Plaintiff's "motion," and held that continued pretrial detainment was appropriate. (Doc. No. 80 at 12.) Plaintiff remains free to appeal the decision to the Sixth Circuit Court of Appeals pursuant to § 3145(c) and Rule 9 of the Federal Rules of Appellate Procedure, and has already filed a notice and amended notice of appeal. *See United States v. Sazenski*, 806 F.2d 846 (8th Cir. 1986); *United States v. Perdomo*, 765 F.2d 942 (9th Cir. 1985). (*See* Doc. Nos. 90 and 91).

Notwithstanding the exercise of his remedies under § 3145, the very nature of his civil claim precludes this Court's review. If the Court granted Plaintiff's requested relief, his criminal indictment would be dismissed. This would obviously dispose of the underlying federal criminal charges. *See Atkins*, 644 F.2d at 546-47. Just as where a court should abstain when a state pretrial detainee raises habeas claims which would be dispositive of the underlying criminal charges, as noted in *Atkins* above, federalism principles dictate that this Court decline review until Plaintiff has exhausted the claims at his upcoming criminal trial. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 225-26 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987). Considerations of federal court efficiency and administration dictate that a similar rule of restraint apply where a federal pretrial detainee raises habeas claims which would be dispositive of the underlying

criminal charges. Thus, at this stage, Plaintiff's claims may be exhausted by raising them on direct appeal.

CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: August 23, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."